## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUSTIN EDWARD LEWIS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Civil Action No. 20-cv-10416-DJC |
| ) | |
| PHD JUDITH KIRKEBY, et al., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## <u>ORDER</u>

**CASPER, J.**                                                                    **December 7, 2020**

Now before the Court is a complaint filed by Justin Edward Lewis ("Lewis"), who is a prisoner confined in the State of Washington.  He alleges that various conditions of confinement violate his constitutional rights.  For the reasons stated below, the Court denies without prejudice the plaintiff's motion for leave to proceed *in forma pauperis* and transfers this action to the United States District Court for the Western District of Washington.

### I.        Background

Lewis, who was confined at the Thurston County Jail in Olympia, Washington ("TCJ") at the time, filed the  complaint, D. 1, in which he complains of conditions of confinement at TCJ.

Lewis also filed a motion for leave to proceed *in forma pauperis*.  D. 2.  The Court denied the motion without prejudice, D. 4, because Lewis had not submitted "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  The Court directed

Lewis to pay the $400 filing fee or file a renewed *in forma pauperis* motion with the required prison account statement.   The Clerk mailed a copy of this order to Lewis at the Kitsap County Jail in Port Orchard, Washington, to where he had been transferred after he filed the complaint and where he remains still.

On September 2, 2020, Lewis filed a letter, D. 5, notifying the Court that he had not received an *in forma pauperis* application with his copy of the August 6, 2020 Order.  He also states that he obtained a prison account statement.  His "Resident Account Summary," appears to have been issued by "Kitsap County Correction" on August 13, 2020.  D. 6.  The two most recent transactions on that document are a July 6, 2020 entry described as "Intake" and an August 3, 2020 entry described as "Intake Deposit."   The transaction preceding the July and August 2020 entries is for a July 30, 2019 commissary purchase.  Lewis's prison account statement from Kitsap County Jail does not show any activity between the July 30, 2019 commissary purchase and the July 6, 2020 intake notation.

## II.    Discussion

### A.    Filing Fee

Construing Lewis's letter, D. 5, as a renewed motion for leave to proceed without prepayment of the filing fee, the Court DENIES the motion without prejudice.

A prisoner seeking to proceed without prepayment of the filing fee must submit "a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  If a prisoner has been incarcerated at more than one facility during the relevant six-month period, he must obtain account statements as necessary from other institutions.  Using this information, the Court assesses the prisoner an

initial partial filing fee of twenty percent of the six-month average of deposits or account balance, and the prisoner pays the rest of the $350.00 filing fee over time.  See 28 U.S.C. § 1915(b)(1)-(2).

Here, Lewis's prison account statement does not cover the six-month period preceding the filing of his lawsuit or even the six-month period preceding the Court's August 6, 2020 Order.  For purposes of resolving the filing fee, the only possibly relevant information the Resident Account Summary from Kitsap County Correctional conveys is that Lewis arrived at Kitsap County Jail on or about July 6, 2020 and that his previous negative account balance at that institution was reinstated.  The Court is aware that Lewis was confined at TCJ in February 2020, yet he does not provide any account information from that facility.  In the absence of prison account information that meets the requirement of 28 U.S.C. § 1915(a)(2), the Court cannot allow Lewis to proceed without prepayment of the filing fee.

### B.    Venue

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a).  Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case.  "In most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial."  Leroy v. Great W. United Corp., 443 U.S. 173, 183–84 (1979).  The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .

28 U.S.C. § 1391(b).

Under this rubric, the District of Massachusetts is not the proper venue for this action. Lewis's claims concern conditions of confinement (including mental health care) at TCJ, which is in the Western District of Washington.  Even assuming that not all the defendants are residents of Washington, <u>see</u> 28 U.S.C. § 1391(b)(1), venue is proper in the Western District of Washington because a "substantial part of the events or omissions giving rise to the claim occurred" in that district, 28 U.S.C. § 1391(b)(2).  Lewis's claims do not have sufficient, if any, connection to the District of Massachusetts for venue to lie here.

Accordingly, the Court will transfer it to the United States District Court for the Western District of Washington, where venue is proper.  <u>See</u> 28 U.S.C. § 1406(b).

## III.    Conclusion

For the foregoing reasons, the Court rules as follows:

1.      Lewis's letter, D. 5, which the Court construes as a renewed motion for leave to proceed *in forma pauperis*, is DENIED without prejudice.

2.      The Clerk shall TRANSFER this action to the United States District Court for the Western District of Washington.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

4