UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN EDWARD LEWIS,

                Plaintiff,

   v.

JUDITH T. KIRKEBY, et al.,

                Defendant.

CASE NO. 3:20-cv-06204-RSM-BAT

**REPORT AND RECOMMENDATION**

Before the Court is a civil rights complaint filed by a plaintiff who is subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

Section 1915(g) provides that a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court's records show at least three of the cases plaintiff filed while incarcerated were dismissed as frivolous or for failure to state a claim. *See Justin Edward Lewis v. Special Operations Group, et al.,* 18-cv-05872-BHS (Dismissal where plaintiff "failed to file an amended complaint setting forth sufficient allegations to state a claim."); *Justin Edward Lewis v. Hetzel*, 20-cv-5114-RBL (Order dismissing and stating "Lewis's claims are frivolous and his *in forma pauperis status is* revoked in the event of an appeal."); and

REPORT AND RECOMMENDATION - 1

1  *Justin Edward Lewis v. Coleman*, 20-cv-5276-BHS ("Plaintiff's Proposed Amended Complaint is
2  Dismissed for failure to state a claim.")
3        Because plaintiff has pursued three or more civil actions or appeals which were dismissed
4  as frivolous or for failure to state a claim upon which relief may be granted, he may not proceed
5  with this complaint without prepayment of the full filing fee, absent a showing that he was
6  "under imminent danger of serious physical injury," at the time he signed his civil rights
7  complaint on April 21, 2014. See 28 U.S.C. § 1915(g).
8        The record also establishes plaintiff was not under imminent danger of serious physical
9  injury. The complaint was filed in February 2020, while plaintiff was confined at the Thurston
10 County Jail. The complaint names as defendants Judith Kirkeby, a psychologist at the Western
11 State Hospital; Lysell Kristy of Tmbmo.org; Mike Linza, a psychologist at "Pfizer.com"; and
12 "Jhon Sonza, Thurston County Sheriff." Dkt. 1. The complaint was originally filed in the District
13 of Massachusetts, along with an application to proceed *in forma pauperis* which was denied.
14 Dkt. 7.
15       The claims presented in Count I are difficult to understand. Count I presents wide-
16 ranging allegations such as "sex-racket, " miss diagnosis," "RFID chip in body," "ion ray," and a
17 classification conspiracy "based on the padafire nature unherd agenda." Dkt. 1. Count II alleges a
18 violation of the "Ku Klux Clan Act," being provided bad tasting non-kosher food at the Thurston
19 County Jail so that plaintiff must burn "Brain RFD" and "try to kill me for stock data," being
20 called names as well as mismanagement of the jail staff. *Id.*
21       Having liberally construed the facts presented, the Court finds plaintiff is ineligible to file
22 this lawsuit in federal court without paying $400.00 ($350.00 filing fee plus $50.00
23 administrative fee).  S*ee* 28 U.S.C. § 1915(g); *see also, Andrews v. King*, 398 F.3d 1113, 1120

REPORT AND RECOMMENDATION - 2

1  (9th Cir. 2005) (holding that once the prisoner has been placed on notice by the district court of

2  potential disqualification for IFP status under § 1915(g), "the prisoner bears the ultimate burden

3  of persuading the court that § 1915(g) does not preclude IFP status").

4  The Court accordingly recommends **DENYING** plaintiff leave to proceed *in forma*

5  *pauperis* (Dkt. 1) based on the three-strikes rule of 28 U.S.C. 1915(g) and directing him to pay

6  the $400.00 filing fee in order to proceed with his complaint. If plaintiff fails to pay the filing fee

7  within 14 days of the Court's adoption of this recommendation, the matter should be dismissed.

## OBJECTIONS AND APPEAL

9  This Report and Recommendation is not an appealable order. Therefore, a notice of

10  appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

11  assigned District Judge enters a judgment in the case.

12  Objections, however, may be filed and served upon all parties no later than **December**

13  **30, 2020.** The Clerk should note the matter for **January 8, 2021**, as ready for the District

14  Judge's consideration. Objections shall not exceed 7 pages. The failure to timely object may

15  affect the right to appeal.

16  DATED this 14th day of December 2020.

*[signature]*

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3